1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7   MONTGOMERY CARL AKERS,                    Case No. 23-cv-04221-JSC

8                  Plaintiff,

9          v.                                 **ORDER OF DISMISSAL WITH LEAVE
                                              TO AMEND**
10  BETH LABSON-FREEMAN, et al.,

11                 Defendants.

12                                    **INTRODUCTION**

13          Plaintiff, a federal prisoner who is proceeding without representation by an attorney, filed

14  this civil rights complaint against two judges of this court, Judge Beth Labson-Freeman and Judge

15  Edward Chen, and a prosecutor employed by the United States Department of Justice, Katherine

16  Siereveld.  He claims they violated his Eighth Amendment rights by conspiring to subject him to

17  torturous conditions in federal prison.[1]  Plaintiff's application to proceed *in forma pauperis* is

18  granted in a separate order.  For the reasons explained below, the complaint is dismissed with

19  leave to amend.

20                                 **STANDARD OF REVIEW**

21          Federal courts must engage in a preliminary screening of cases in which prisoners seek

22  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

23  1915A(a).  The Court must identify actionable claims or dismiss the complaint, or any portion of

24  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

25  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

26  § 1915A(b).  Pleadings filed by self-represented litigants must be liberally construed.  *Balistreri v.*

27  _____

28  [1] Plaintiff has a case pending before Judge Freeman in which Judge Chen and Siereveld are
    Defendants.  *See Akers v. Chen, et al.*, No. C 22-05555 BLF (PR).

United States District Court
Northern District of California

1  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

4  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

5  which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

6  a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

7  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

8  formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

9  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

10 550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for

11 relief that is plausible on its face." *Id.* at 570.

12      The Supreme Court has held a private right of action for damages may be implied from the

13 Constitution itself for constitutional violations by federal employees or their agents.  *See Bivens v.*

14 *Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (4th Amendment

15 unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th

16 Amendment Due Process Clause gender discrimination); *Carlson v. Green*, 446 U.S. 14, 17-19

17 (1980) (8th Amendment inadequate medical treatment).  Except for the replacement of a state

18 actor by a federal actor, actions under 42 U.S.C. § 1983 and *Bivens* are identical.  *Martin v. Sias*,

19 88 F.3d 774, 775 (9th Cir. 1996).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

20 two elements: (1) that a right secured by the Constitution or laws of the United States was

21 violated, and (2) that the alleged violation was committed by a person acting under the color of

22 state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

23                                     **LEGAL CLAIMS**

24      Plaintiff claims Defendants conspired to violate his Eighth Amendment rights by

25 subjecting him to "physical and psychological torture," insufficient food, and inadequate medical

26 care.  (ECF No. 1 at 5, 7-8.)   He alleges on approximately November 22, 2022, Defendant

27 Siereveld told Judge Freeman ex parte in Case No. 22-5555 BLF, that she, Judge Chen, and

28 another federal judge (Judge Kandis Westmore) were previously involved in that case.  (ECF No.

United States District Court
Northern District of California

2

1 at 6-7.)  He further alleges Siereveld told the Defendants Plaintiff "has been placed in a secret confinement facility for terrorists in order to serve his time under the rogors (sic) of torture."  (*Id.* at 7.)

The Court is not aware of any authority, nor does Plaintiff cite any, that the alleged ex parte communications themselves violate the Eighth Amendment.  To whatever extent such communications violate any of the Federal Rules of Civil Procedure or local rules, moreover, the Court is aware of no authority that there is a private right of action under such rules.

Plaintiff alleges several inhumane prison conditions, which may violate the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (prison officials violate the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind).  However, Plaintiff's allegations that Defendants conspired to cause him to suffer such conditions are conclusory, at best.  The only alleged actions by Defendants are the ex parte communications, but Plaintiff does not allege how those communications may have caused him to suffer inhumane prison conditions or any other violation of his Eighth Amendment rights.  To whatever extent Plaintiff means to claim any rulings by Judges Freeman or Chen violated his rights, such allegations are inadequate because federal judges are absolutely immune from civil liability for actions taken in the course of their official duties, including making rulings in their cases. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).  Simply claiming Defendants conspired to violate his Eighth Amendment rights and alleging inhumane prison conditions, without also alleging the actions Defendants took that caused the Eighth Amendment violations, is too conclusory to state a claim that is capable of judicial review and determination.  Accordingly, the claims must be dismissed.

Plaintiff may file an amended complaint in which he alleges, if he can do so in good faith, conduct by each of the named Defendants that caused a violation of his Eighth Amendment rights.

## CONCLUSION

For the reasons explained above,

1.  The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an

United States District Court
Northern District of California

amended complaint on or before September 30, 2023.  The amended complaint must include the caption and civil case number used in this order (No. C 23-4221 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims against Defendant M. Avila.  If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge