UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br><br>Plaintiff,<br><br>v.<br><br>BETH LABSON-FREEMAN, et al.,<br><br>Defendants. | Case No. 23-cv-04221-JSC<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE** |

## INTRODUCTION

Plaintiff, a federal prisoner at the United States Penitentiary in Marion, Georgia ("USP Marion"), who is proceeding without representation by an attorney, filed this civil rights case. He was granted leave to proceed in forma pauperis ("IFP") as well as leave to amend. He filed a timely amended complaint. For the reasons discussed below, Plaintiff is directed **by May 31, 2024, to** either (1) pay the filing fee, or (2) show cause why leave to proceed IFP should not be revoked pursuant to 28 U.S.C. § 1915(g). His failure to do so will result in the dismissal of this case without prejudice to re-filing in a new action in which he pays the filing fee.

## BACKGROUND

The amended complaint names the following Defendants: United States District Judge Edward Chen, United States District Judge Beth Labson-Freeman, Katherine Siereveld, Jamie Conover, Kathy S. Hill, and Nathan Simpkins.[1] (ECF No. 22 at 1-3.)

---

[1] The amended complaint does not provide the job titles of Defendants Siereveld, Conover, Hill, or Simpkins. In a prior lawsuit against these Defendants involving very similar allegations and claims, Plaintiff identified them as follows: Katherine N. Siereveld, special agent for the Federal Bureau of Investigation; Kathy S. Hill, intelligence research specialist for the Federal Bureau of Prisons; Jamie Conover, intelligence analyst for the U.S. Department of Justice, Counter Terrorism Unit; and Nathan Simpkins, case manager at USP Marion. *Akers v. Chen, et al.*, No. 22-05555-BLF (PR) (ECF No. 12 at 5:2-7).

1 Plaintiff alleges in 2010 Siereveld began "contacting" his "relations . . . in order to destroy
2 his ability to obtain the services of his friends, lawyers, or any support persons" and "illegally
3 access[ed his] financial and real property" located in this district.  (ECF No. 22 at 5.)  Plaintiff
4 alleges Siereveld "ma[d]e sure" Plaintiff could not "access his legitimate financial and real or
5 business property by fabricating misconduct [and] incident reports through Defendants [] Conover
6 and [] Hill so that Plaintiff [] would have no access to phone, mail, or email access with the public
7 in order to transact his financial needs, including paying filing fees in the courts so his cases
8 would be dismissed."  (*Id.* at 6.)  When Plaintiff "legally redressed these violations," he "was
9 retaliated against by being threatened with bodily harm."  (*Id.*)  Plaintiff alleges Siereveld
10 "subjected him to physical and psychological torture by destroying his contacts within the
11 community and fabricating conduct on his part as a 'terrorist.'  Each time Siereveld contacts
12 relations of Plaintiff[] they are told he is a terrorist."  (*Id.* at 9.)

13 Plaintiff also alleges Defendants Siereveld, Conover, Simpkins, and Hill "devis[ed]
14 schemes that are intended to cause Plaintiff bodily harm."  (*Id.* at 7:5-6.)  He alleges Simpkins and
15 Hill "ha[ve] been instrumental" in "trying to make sure that Plaintiff's medication is not given to
16 him" and "that he will be denied emergency care for his condition, atrial fibrillation;" and "tried to
17 orchestrate" his "assault[] by U.S. Marshal personnel" at is prison.  (*Id.* at 7:6-11.)  He also alleges
18 Siereveld, Conover, Simpkins, and Hill were involved in a "scheme" to "restrict his access to the
19 courts" by returning and not delivering mail sent to him from the court.  (*Id.* at 7:13-21.)

20 Plaintiff alleges Siereveld, beginning in 2021, "contacted judges in the Northern District of
21 California including Magistrate Judge Kandis Westmore in order to influence the court and
22 'railroad' [him] out of court."  (*Id.* at 5.)  The other judges Siereveld allegedly contacted were
23 Judge Chen and Judge Freeman.  (*Id.*)  Plaintiff alleges Siereveld told these judges: Plaintiff "was
24 challenging a malicious prosecution in Kansas," should not "be allowed to overturn his case," is a
25 "terrorist and we are doing all we can to charge him with new crimes," and she (Siereveld)
26 "arranged with" Defendants Hill and Simpkins "to take care of [Plaintiff] inside of prison one way
27 or another."  (*Id.*)  Plaintiff claims Siereveld spoke to Judges Chen and Freeman to "secure their
28 cooperation" and "to impede" him from bringing "the truth of his wrongful conviction."  (*Id.* at 6.)

United States District Court
Northern District of California

2

1    Plaintiff alleges Judges Chen and Freeman engaged in "ex parte communications" with
2    Siereveld and Simkins "prior to" being assigned his cases.[2] (*Id.* at 7:27-28, 9:2-3.) He alleges that
3    "as a result" of the ex parte communications with Siereveld, Judges Chen and Freeman "attacked
4    the in forma pauperis and the ability of Plaintiff[] to pay the filing fees in these cases to deny him
5    access to the courts." (*Id.* at 9:24-27.) Plaintiff alleges Judges Chen and Freeman "fabricated
6    accounts of [his] pleadings in an effort to railroad him out of court." (*Id.* at 5:24-26.)

**DISCUSSION**

**I.    Standard of Review**

A prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted as under § 1915(g) (a "strike"), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*") (citations omitted). Dismissal of an action under Section 1915(g) should occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id*.

A district court may raise the issue of 28 U.S.C. § 1915(g) on its own initiative. *See Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). A district court must notify the plaintiff of the earlier dismissals that support a Section 1915(g) revocation of IFP, and allow the plaintiff an opportunity

---

[2] The cases are: *Akers v. Siereveld*, No. 17-03340-EMC (PR); *Akers v. Chen, et al.*, No. 22-05555-BLF (PR).

1 to be heard on the matter before dismissing the action. *Andrews I*, 398 F.3d at 1120. Plaintiff

2 bears the ultimate burden of persuasion that Section 1915(g) does not bar IFP status for him. *Id*.

### II. Plaintiff Has Three or More Strikes Under Section 1915(g)

As noted above, Plaintiff previously filed two cases in this District; in both cases, IFP status was revoked under Section1915(g), and the cases were dismissed when he did not pay the filing fee. *See Akers v. Siereveld*, No. 17-03340-EMC (PR) (N.D. Cal.) (ECF Nos. 16, 21); *Akers v. Chen, et al.*, No. 22-05555-BLF (PR) (N.D. Cal.) (ECF Nos. 12, 24, 25). The courts identified Plaintiff's seven prior strikes as follows:

> (1) *Akers v. Poisson*, D. Maine Case No. 09- 0054-P-S (D. Me. Mar. 24, 2009) (dismissed for failure to state a claim); (2) *Akers v. Rokusek*, S.D. Cal. Case No. 09-0472 DMS (JMA) (S.D. Cal. Apr. 28, 2009) (dismissed as frivolous); (3) *Akers v. Martin*, D. Kan. Case No. 06-cv-03175 SAC (D. Kan. July 12, 2006) (dismissed for failure to state a claim); (4) *Akers v. Crow*, D. Kan. Case No. 09-cv-03037-RDR (D. Kan. Mar. 2, 2009 (dismissed for failure to state a claim and as frivolous); (5) *Akers v. Keszei*, D. N.H. Case No. 08-cv-334 JL (D. N.H. Apr. 16, 2009 (dismissed for failure to state a claim); (6) *Akers v. Watts*, D. D.C. Case No. 08-140 EGS (D. D.C. Sept. 24, 2010) (dismissed for failure to state a claim); and (7*) Akers v. Davis*, 400 F. App'x 332 (10th Cir. Oct. 28, 2010) (dismissing appeal as frivolous and noting the dismissal counts as a "strike" dismissal under §1915(g)).

*Akers v. Chen, et al.*, No. 22-05555-BLF (PR) (ECF No. 12 at 3:9-20) (citing *Akers v. Siereveld*, No. 17-03340-EMC (PR) (ECF No. 21 at 3, n. 2)). As further noted by the court in *Chen*:

> Plaintiff has been identified is [sic] a prolific filer, having filed more than 150 cases in state and federal courts in 13 states in the past decade. *See Akers v. Sproul, et al.*, Case No. 22-cv-02469-JPG (S.D. Ill. Nov. 10, 2022). He was again recently found to be subject to the three-strikes bar to IFP status in the Southern District of Illinois on November 10, 2022. *Id*., citing *Akers v. Roal, et al*., Case No. 11-cv-00622-MJR (S.D. Ill. Feb. 1, 2012) (listing "strikes").

*Id*. (ECF No. 12 at 4:2-7). Plaintiff was ordered not to "seek[] new venues to circumvent filing restrictions in the Seventh Circuit." *Id.* (ECF No. 12 at 4:7-9).

In *Siereveld*, the court determined these dismissals were strikes based upon the dismissal orders and docket sheets in them. No. 17-03340-EMC (PR) (ECF No. 16 at 2:27-28) (citing *Andrews*, 398 F.3d at 1121). In neither of these cases did Plaintiff dispute these dismissals counted as strikes. *Id*. (ECF No. 21 at 4-8); No. 22-05555-BLF (PR) (ECF No. 24 at 1:23-24). As

1  Plaintiff did not dispute that the seven dismissals listed above count as strikes under Section
2  1915(g), nor did he appeal the judgments in those cases, this Court finds no basis for questioning
3  the validity of those courts' decisions that that he has three or more qualifying strikes under
4  Section 1915(g).

### III. Plaintiff's Allegations Do Not Suggest "Imminent Danger"

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5. The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055; *see*, *e.g. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (imminent danger based upon allegations plaintiff had been repeatedly housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (en banc) (noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger).

Plaintiff makes no plausible allegation that he faced "imminent danger of serious physical injury" under Section 1915(g) at the time he filed the complaint. His allegations that Siereveld, Conover, and Hill prevented him from paying court filing fees,[3] that Siereveld "destroyed" his relationships with members of his community by referring to him as a "terrorist" (ECF No. 22 at 9:20-21), that Siereveld and Simkins engaged in ex parte communications with federal judges, that various Defendants interfered with his mail, and that federal judges improperly revoked his IFP status and "railroad[ed]" him out of court (*id.* at 5:13), do not pose a danger of *physical* injury. Plaintiff's allegation that he was "retaliated against by being threatened with bodily harm" (*id.* at

---

[3] In *Siereveld,* the court persuasively explained in detail why Plaintiff's assertion that he was being prevented from accessing resources to pay his filing fee was not credible. No. 17-3440-EMC (PR) (ECF No. 5:4-7:28).

6:27) is vague and conclusory insofar as he does not allege who made these threats, when they were made, or the nature of the threats.  Similarly Plaintiff's allegation that Simkins and Hill "ha[ve] been instrumental" in "trying to make sure that Plaintiff's medication is not given to him" (*id.* at 7:6-7) is vague as to when that occurred, for how long, and the kind of medication he did not receive.  His allegation that "that he will be denied emergency care for his condition, atrial fibrillation" (*id.* at 7:7-8) is simply speculative and vague because he alleges no facts indicating when he needed or will need emergency care or that he has a reasonable basis for believing he will not receive it if and when it is needed.  And his allegation that Simkins and Hill "tried to orchestrate" his "assault[] by U.S. Marshal personnel" (*id.* at 7:6-11) is vague in that Plaintiff does not allege when that occurred, what Defendants did to "orchestrate it," or facts suggesting a danger such an attempt will be repeated.  Consequently, Plaintiff has not alleged facts that plausibly indicate he faced an "imminent danger of serious physical injury" under Section 1915(g) when he filed this action.[4]

## CONCLUSION

For the reasons explained above, on or before **May 31, 2024**, Plaintiff shall either pay the filing fee or show cause why IFP should not be revoked under 28 U.S.C. § 1915(g).  Failure to do so will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated: April 30, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

---

[4] The Court notes similar allegations and claims were found insufficient to plausibly allege an imminent danger of serious physical injury in *Chen*, No. 22-05555-BLF (ECF Nos. 12 at 4:26-6:21; 24 at 6:13-20).