UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTGOMERY CARL AKERS,<br><br>Plaintiff,<br><br>v.<br><br>BETH LABSON-FREEMAN, et al.,<br><br>Defendants. | Case No. 23-cv-04221-JSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERTION, REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING CASE**<br><br>Re: Dkt. No. 24 |

## INTRODUCTION

Plaintiff, a federal prisoner at the United States Penitentiary in Marion, Georgia ("USP Marion"), who is proceeding without representation by an attorney, filed this civil rights case. He was granted leave to proceed in forma pauperis ("IFP") as well as leave to amend. (ECF Nos. 7, 8.)[1] Thereafter, the Court ordered Plaintiff "to either (1) pay the filing fee, or (2) show cause why leave to proceed IFP should not be revoked pursuant to 28 U.S.C. § 1915(g)," and cautioned him that "[h]is failure to do so will result in the dismissal of this case without prejudice to re-filing in a new action in which he pays the filing fee." (ECF No. 23 ("OSC") at 1:16-19.) Now before the Court are Plaintiff's motion for reconsideration of the OSC (ECF No. 24) and his response to the OSC (ECF No. 25). For the reasons discussed below, the motion for reconsideration is DENIED, leave to proceed IFP is REVOKED, and the case is DISMISSED without prejudice.

## BACKGROUND

The Court set forth the relevant background in the OSC:

> The amended complaint names the following Defendants:
> United States District Judge Edward Chen, United States District
> Judge Beth Labson-Freeman, Katherine Siereveld, Jamie Conover,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); specific page citations are to the ECF-generated page numbers at the top of the documents.

Kathy S. Hill, and Nathan Simpkins.[2]  (ECF No. 22 at 1-3.)

Plaintiff alleges in 2010 Siereveld began "contacting" his "relations . . . in order to destroy his ability to obtain the services of his friends, lawyers, or any support persons" and "illegally access[ed his] financial and real property" located in this district.  (ECF No. 22 at 5.)  Plaintiff alleges Siereveld "ma[d]e sure" Plaintiff could not "access his legitimate financial and real or business property by fabricating misconduct [and] incident reports through Defendants [] Conover and [] Hill so that Plaintiff [] would have no access to phone, mail, or email access with the public in order to transact his financial needs, including paying filing fees in the courts so his cases would be dismissed."  (*Id.* at 6.)  When Plaintiff "legally redressed these violations," he "was retaliated against by being threatened with bodily harm."  (*Id.*)  Plaintiff alleges Siereveld "subjected him to physical and psychological torture by destroying his contacts within the community and fabricating conduct on his part as a 'terrorist.'  Each time Siereveld contacts relations of Plaintiff[] they are told he is a terrorist."  (*Id.* at 9.)

Plaintiff also alleges Defendants Siereveld, Conover, Simpkins, and Hill "devis[ed] schemes that are intended to cause Plaintiff bodily harm."  (*Id.* at 7:5-6.)  He alleges Simpkins and Hill "ha[ve] been instrumental" in "trying to make sure that Plaintiff's medication is not given to him" and "that he will be denied emergency care for his condition, atrial fibrillation;" and "tried to orchestrate" his "assault[] by U.S. Marshal personnel" at is prison.  (*Id.* at 7:6-11.)  He also alleges Siereveld, Conover, Simpkins, and Hill were involved in a "scheme" to "restrict his access to the courts" by returning and not delivering mail sent to him from the court.  (*Id*. at 7:13-21.)

Plaintiff alleges Siereveld, beginning in 2021, "contacted judges in the Northern District of California including Magistrate Judge Kandis Westmore in order to influence the court and 'railroad' [him] out of court."  (*Id.* at 5.)  The other judges Siereveld allegedly contacted were Judge Chen and Judge Freeman.  (*Id.*)  Plaintiff alleges Siereveld told these judges: Plaintiff "was challenging a malicious prosecution in Kansas," should not "be allowed to overturn his case," is a "terrorist and we are doing all we can to charge him with new crimes," and she (Siereveld) "arranged with" Defendants Hill and Simpkins "to take care of [Plaintiff] inside of prison one way or another."  (*Id.*)  Plaintiff claims Siereveld spoke to Judges Chen and Freeman to "secure their cooperation" and "to impede" him from bringing "the truth of his wrongful conviction."  (*Id.* at 6.)

---

[2] The amended complaint does not provide the job titles of Defendants Siereveld, Conover, Hill, or Simpkins.  In a prior lawsuit against these Defendants involving very similar allegations and claims, Plaintiff identified them as follows: Katherine N. Siereveld, special agent for the Federal Bureau of Investigation; Kathy S. Hill, intelligence research specialist for the Federal Bureau of Prisons; Jamie Conover, intelligence analyst for the U.S. Department of Justice, Counter Terrorism Unit; and Nathan Simpkins, case manager at USP Marion.  *Akers v. Chen, et al*., No. 22-05555-BLF (PR) (ECF No. 12 at 5:2-7).

2

> Plaintiff alleges Judges Chen and Freeman engaged in "ex parte communications" with Siereveld and Simkins "prior to" being assigned his cases.³ (*Id.* at 7:27-28, 9:2-3.) He alleges that "as a result" of the ex parte communications with Siereveld, Judges Chen and Freeman "attacked the in forma pauperis and the ability of Plaintiff[] to pay the filing fees in these cases to deny him access to the courts." (*Id.* at 9:24-27.) Plaintiff alleges Judges Chen and Freeman "fabricated accounts of [his] pleadings in an effort to railroad him out of court." (*Id.* at 5:24-26.)

(ECF No. 23 at 1:21-3:6 (footnotes in original).)

After finding Plaintiff had seven prior "strike" dismissals within the meaning of 28 U.S.C. § 1915(g), the Court also concluded Plaintiff had not alleged he fell within that statute's "imminent danger" exception. (*Id.* at 4-6.)

## DISCUSSION

I.     Motion for Reconsideration

    A.     Legal Standard

When, as here, a court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring

---

³ The cases are *Akers v. Siereveld*, No. 17-03340-EMC (PR), and *Akers v. Chen, et al.*, No. 22-05555-BLF (PR).

after the time of such order; or

(3) A manifest failure by the Court to consider material facts which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

B.  Analysis

Plaintiff does not dispute the Court's determination that he has three or more "strikes" within the meaning of 28 U.S.C. § 1915(g). Instead, he makes several arguments for reconsideration of the Court's conclusion that the "imminent danger" exception to Section 1915(g) does not apply to this case.

Section 1915(g) provides a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed IFP)

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As explained in the OSC:

> The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II"). The conditions that existed at some earlier or later time are not relevant. *Id*. at 1053 & n.5. The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id*. at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*. at 1055; *see*, *e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (imminent danger based upon allegations plaintiff had been repeatedly housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (en banc) (noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger).

(ECF No. 23 at 5:6-17.)

The Court concluded Plaintiff made no "plausible allegation that he faced 'imminent danger of serious physical injury' under Section 1915(g) at the time he filed the complaint." (*Id.* at

4

5:18-19):

> His allegations that Siereveld, Conover, and Hill prevented him from paying court filing fees,[4] that Siereveld "destroyed" his relationships with members of his community by referring to him as a "terrorist" (ECF No. 22 at 9:20-21), that Siereveld and Simkins engaged in ex parte communications with federal judges, that various Defendants interfered with his mail, and that federal judges improperly revoked his IFP status and "railroad[ed]" him out of court (*id*. at 5:13), do not pose a danger of *physical* injury. Plaintiff's allegation that he was "retaliated against by being threatened with bodily harm" is vague and conclusory insofar as he does not allege who made these threats, when they were made, or the nature of the threats. Similarly Plaintiff's allegation that Simkins and Hill "ha[ve] been instrumental" in "trying to make sure that Plaintiff's medication is not given to him" (*id*. at 7:6-7) is vague as to when that occurred, for how long, and the kind of medication he did not receive. His allegation that "that he will be denied emergency care for his condition, atrial fibrillation" (*id*. at 7:7-8) is simply speculative and vague because he alleges no facts indicating when he needed or will need emergency care or that he has a reasonable basis for believing he will not receive it if and when it is needed. And his allegation that Simkins and Hill "tried to orchestrate" his "assault[] by U.S. Marshal personnel" (*id*. at 7:6-11) is vague in that Plaintiff does not allege when that occurred, what Defendants did to "orchestrate it," or facts suggesting a danger such an attempt will be repeated. Consequently, Plaintiff has not alleged facts that plausibly indicate he faced an "imminent danger of serious physical injury" under Section 1915(g) when he filed this action.[5]

(*Id.* at 5:19-6:13 (emphasis and footnotes, as renumbered, in original).)

Plaintiff argues the Court "did not rule on or entertain the fact the Plaintiff was subject to physical and psychological torture at the time of the filing of the complaint and the amended complaint." (ECF No. 24-1 at 8.)[6] This argument fails because the OSC addressed Plaintiff's allegations of "physical and psychological torture" by determining the alleged "torture" is not physical at all insofar as it consists of Defendants allegedly ruining his relationships and telling lies about him to his "relations" and people in his "community." (ECF No. 23 at 2:9-12.) The OSC went on to explain that such allegations do not present "a danger of *physical* injury" as

---

[4] In *Siereveld*, the court persuasively explained in detail why Plaintiff's assertion that he was being prevented from accessing resources to pay his filing fee was not credible. No. 17-3[3]40-EMC (PR) (ECF No. [21 at] 5:4-7:28).
[5] The Court notes similar allegations and claims were found insufficient to plausibly allege an imminent danger of serious physical injury in *Chen*, No. 22-05555-BLF (ECF Nos. 12 at 4:26-6:21; 24 at 6:13-20).
[6] The instant order cites to docket entry 24-1 because it contains the motion with the pages in the consecutive order. (*Cf.* ECF No. 24 (pages not in consecutive order).)

5

required to meet the "imminent danger" under Section 1915(g). (*Id.* at 5:19-24 (emphasis in original).)

Plaintiff cites to *Grant v. Foye*, 1992 WL 371312 (9th Cir. 1992), for the proposition that "acts that amount to wanton infliction of psychological torture are redressable under 42 U.S.C. § 1983." (ECF No. 24-1 at 9.) *Grant* is not persuasive that the OSC should be reconsidered because it addressed the elements of a claim under Section 1983, and it did not address Section 1915(g) or its "imminent danger" exception. That "psychological torture" may support a claim for relief under Section 1983 does not mean it constitutes "physical injury" within the meaning of Section 1915(g).

Plaintiff also argues the OSC "mischaracterized the record" (*id.* at 9-10) because it cited a decision in one of Plaintiff's prior cases without "supply[ing] any text of any ruling . . . to buttress [the Court's] inaccurate findings that plaintiff has not been prevented from accessing his finances to pay the filing fee." (*Id.* at 10.) The Court stated:

> In *Siereveld*, the court persuasively explained in detail why Plaintiff's assertion that he was being prevented from accessing resources to pay his filing fee was not credible. No. 17-3[3]40-EMC (PR) (ECF No. [21 at] 5:4-7:28).

(ECF No. 23 at 5 n.3.)[7] The Court does not have any obligation to quote or supply the text of an order cited from another case, particularly an order previously served upon Plaintiff, such as the order in *Siereveld*.[8]

Plaintiff also asserts the "complaint specifies he was denied emergency treatment for four months for a/fib." (ECF No. 24-1 at 12 n.2.) This allegation is vague because he alleges no facts indicating when such care was denied. Moreover, as in the OSC, Plaintiff does not allege here that at the time he filed this action he needed emergency care but was not receiving it. As explained in

---

[7] The citation to *Siereveld* did not use the correct case number and docket entry. (*See* ECF No. 23 at 5 n.3.) That error is corrected here. The incorrect citation in the OSC is not "material" (Civil L.R. 7-9(b)) insofar as it does not diminish the persuasiveness of the *Siereveld* order's analysis and conclusion that Plaintiff was not credibly prevented from accessing resources to pay the filing fee, nor is the mis-citation relevant to the determination under Section 1915(g) that Plaintiff has more than three "strikes" and does not meet the imminent danger exception.

[8] Plaintiff may obtain another copy of the order by submitting a request for photocopies to the Office of the Clerk.

6

the OSC, this allegation therefore does not indicate that at the time he filed this action he was under "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g).

Finally, Plaintiff asserts "Defendants have been removed from their respective positions for misconduct in this and other cases around the United States." (*Id.* at 13.) These alleged facts are not relevant to the issues raised in the OSC, namely whether Section 1915(g) bars him from proceeding IFP because he has three "strikes" and was not under imminent danger of serious physical injury when he filed this case.

Plaintiff is not entitled to reconsideration of the OSC because he has not presented new "material" facts or law, "newly discovered evidence," or shown "clear error," "manifest" injustice, or "an intervening change in controlling law." *See* Civil Local Rule 7-9; *School Dist. No. 1J*, 5 F.3d at 1263.

2. <u>Response to OSC</u>

In his response to the OSC, Plaintiff argues his allegations of "physical and psychological torture" are sufficient to show cause why leave to proceed IFP should not be revoked under Section 1915(g). For the reasons discussed above, these allegations do not support a plausible inference he was under imminent danger of physical injury at the time he filed this case, as required by Section 1915(g). The response to the OSC alleges no additional facts showing he was under such imminent danger. Accordingly, Plaintiff has not shown cause why leave to proceed IFP should not be revoked under Section 1915(g). Nor has he paid the filing fee. Therefore, as Plaintiff was cautioned in the OSC, leave to proceed IFP must be revoked and this case dismissed without prejudice. (*See* ECF No. 23 at 1:16-19, 6:15-17.)

## CONCLUSION

For the above reasons, the motion for reconsideration (ECF No. 24) is DENIED, leave to proceed IFP is REVOKED under 28 U.S.C. § 1915(g), and the case is DISMISSED without prejudice to Plaintiff filing his complaint in a new case in which he pays the filing fee.

This order resolves docket number 24.

**IT IS SO ORDERED.**

Dated: October 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge